**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re SOUTH & HEADLEY ASSOCIATES, LTD.,<br><br>Debtor,<br><br>SOUTH STREET MORRISTOWN LLC,<br><br>Appellant,<br><br>v.<br><br>SOUTH & HEADLEY ASSOCIATES, LTD.,<br><br>Appellee. | Bankruptcy Action No. 14-28225 (MBK)<br><br>ON APPEAL FROM THE BANKRUPTCY COURT OF THE DISTRICT OF NEW JERSEY<br><br>Civil Action No. 14-7578 (MAS)<br><br>MEMORANDUM ORDER |

This matter comes before the Court upon Appellee South & Headley Associates, Ltd.'s ("S&H" or "Debtor") motion to dismiss the bankruptcy appeal for lack of jurisdiction pursuant to 28 U.S.C. § 158(a). (ECF No. 11.) Appellant South Street Morristown LLC ("South Street") opposed the motion. (ECF No. 13.) The Court has carefully considered the parties' submissions and decided the matter without oral argument pursuant to Local Civil Rule 78.1.

South Street is appealing an order entered by the bankruptcy court on November 20, 2014, denying its motion to dismiss the Debtor's bankruptcy proceeding "for cause" pursuant to 11 U.S.C. §§ 1112(b) and 105(a) (the "Bankruptcy Order"). (ECF No. 1.) In support of its motion to dismiss South Street's appeal, S&H concedes that under Third Circuit precedent the denial of a motion to dismiss is a "final" appealable order under 28 U.S.C. § 158(a). *See In re Brown*, 916 F.2d 120, 123-24 (3d Cir. 1990). Instead, S&H argues that this Court should consider the

concurring opinion of the Honorable Kent A. Jordan, U.S.C.J. in *In re American Capital Equipment, LLC*, which called into question *In re Brown*. (S&H's Br. 5-7, ECF No. 11-1 (citing 296 F. App'x 270, 275 (3d Cir 2008) (Jordan, J., concurring)).) S&H filed the instant motion to dismiss based on Judge Jordan's concurrence. This Court, however, is bound by Third Circuit precedent, and the holding in *In re Brown* is dispositive of S&H's motion to dismiss. Therefore, this Court has jurisdiction over South Street's appeal of the Bankruptcy Order denying a motion to dismiss under 28 U.S.C. § 158(a). *See, e.g.*, *In re Brown*, 916 F.2d at 123-24; *In re Am. Capital Equip., LLC*, 296 F. App'x at 273.

S&H alternatively requests that "this Court exercise its discretion and invoke the process under 28 U.S.C. § 1292(b) so that the matter can be brought to the Third Circuit for an *en banc* review of *Brown*." (Pl.'s Moving Br. 9-10, ECF No. 11-1.) To obtain certification under 28 U.S.C. § 1292(b) "a movant must show that there is (1) a controlling question of law, (2) as to which there is a substantial ground for difference of opinion, and that (3) an immediate appeal may materially advance the ultimate termination of the litigation." *Delalla v. Hanover Ins.*, No. 09-2340, 2010 WL 186172, at *3 (D.N.J. Jan. 14, 2010) (citing *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974)). "Interlocutory appeal under § 1292(b) is used sparingly in exceptional cases." *Hulmes v. Honda Motor Co.*, 936 F. Supp. 195, 208 (D.N.J. 1996), *aff'd*, 141 F.3d 1154 (3d Cir. 1998) (internal quotation marks omitted). "A question is 'controlling' if its incorrect disposition would require reversal of the final judgment." *Id.* S&H did not specifically discuss this standard in its moving papers, nor has it satisfied the standard here where Third Circuit precedent clearly addresses the controlling question of law. Therefore, S&H's motion to dismiss the appeal based on lack of jurisdiction is denied.

For the reasons set forth above, and other good cause shown,

IT IS on this 13th day of April 2015, **ORDERED** that:

1. S&H's motion to dismiss the bankruptcy appeal for lack of jurisdiction (ECF No. 11) is DENIED.

2. S&H shall file any opposition to South Street's appeal, including South Street's arguments regarding Debtor's lack of authority to defend this appeal, within fourteen (14) days of the date of this Order.

3. South Street may file a reply brief within fourteen (14) days after service of Appellee's brief.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**