**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re SOUTH & HEADLEY ASSOCIATES, LTD., <br><br> Debtor. | Bankruptcy Action No. 14-28225 (MBK) |
| SOUTH STREET MORRISTOWN LLC, <br><br> Appellant, <br><br> v. <br><br> SOUTH & HEADLEY ASSOCIATES, LTD., <br><br> Appellee. | ON APPEAL FROM THE BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY <br><br> Civil Action No. 14-7578 (MAS) <br><br> **OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Appellant/Creditor South Street Morristown LLC's ("South Street") appeal from two orders entered by the Bankruptcy Court on November 20, 2014: (1) an order denying South Street's motion to dismiss Appellee/Debtor South & Headley Associates, Ltd.'s ("S&H") bankruptcy proceeding as a bad faith filing pursuant to 11 U.S.C. § 1112(b) and (2) an order denying South Street's motion to excuse the turnover requirements and keep the state court-appointed receiver in place. (ECF No. 1.) After careful consideration of the parties' submissions,[1] and for the reasons set forth below, the Court affirms both of the Bankruptcy Court's orders.

---

[1] South Street argues that S&H does not possess standing to oppose this appeal because the Trustee has been appointed. South Street's argument is mooted by the Trustee's incorporation of all of S&H's arguments in opposition.

I.  **Background**

This appeal arises out of a Chapter 11 bankruptcy filed by S&H following a state court foreclosure action commenced by South Street to enforce its rights as S&H's senior secured creditor after S&H defaulted under a mortgage loan issued by South Street's assignor, Columbia Bank. On September 23, 2005, Columbia Bank provided a mortgage loan to S&H in the amount of $3,000,000, secured by a promissory note and mortgage for the premises at 237 South Street, Morristown, New Jersey (the "Property"). (Certification of Stephen V. Falanga ("Falanga Cert."), Ex. C ¶ 1, Bankr. Ct. ECF[2] No. 35-4.) Columbia Bank assigned its rights to the promissory note and mortgage to South Street. (*Id.*) As further security for its obligations under the promissory note and the mortgage, S&H assigned to South Street all of the rents and leases for the Property. (*Id.* ¶¶ 3-5.) On August 1, 2012, S&H failed to make payment due under the promissory note and mortgage (*id.* ¶ 6), and as a result, on September 28, 2012, a foreclosure action was commenced against S&H in the Superior Court of New Jersey, Chancery Division, Morris County ("State Court") seeking foreclosure of the Property (*id.* ¶ 7). On December 17, 2013, the State Court appointed Sitar Realty Company as the rent receiver, which was ultimately substituted with Azarian Realty Company ("State Receiver"). (*Id.* ¶ 54; Falanga Cert., Ex. A at 2, Bankr Ct. ECF No. 35-2; Falanga Cert., Ex. B at 2, Bankr. Ct. ECF No. 35-3.) The State Court entered final judgment against S&H, and the sheriff's sale of the Property was scheduled for September 11, 2014. (Creditor's Br. 8, Bankr. Ct. ECF No. 35-13.)

Just prior to the sale, on September 4, 2014, S&H filed a voluntary petition for Chapter 11 bankruptcy. (Bankr. Ct. ECF No. 1.) South Street filed, in the Bankruptcy Court, a motion to

---

[2] All citations to "Bankr. Ct. ECF" are in reference to *In re South & Headley Associates, Ltd.*, No. 14-28225 (filed Sept. 4, 2014).

excuse the State Receiver from having to turnover its funds to S&H and to keep the State Receiver in possession and control of the Property. (Bankr. Ct. ECF No. 10.) The United States Trustee ("UST") objected to South Street's motion and filed a motion to dismiss S&H's bankruptcy petition or, in the alternative, to appointment a Chapter 11 trustee. (Bankr. Ct. ECF Nos. 27, 28.) Following UST's motion, South Street filed its own motion to dismiss the bankruptcy proceeding "for cause" pursuant to 11 U.S.C. § 1112(b) as a bad faith filing. (Bankr. Ct. ECF No. 35.) On November 20, 2014, the Bankruptcy Court denied South Street's motion to excuse the turnover requirements (Bankr. Ct. ECF No. 43) and motion to dismiss (Bankr. Ct. ECF No. 42) and granted UST's motion to appoint a Chapter 11 trustee (Bankr. Ct. ECF No. 57). On December 5, 2014, South Street filed the appeal sub judice of the Bankruptcy Court's orders denying its two motions. (ECF No. 1.) On December 17, 2014, UST appointed Bonnie Glantz Fatell as the Chapter 11 Trustee ("Trustee") (Bankr. Ct. ECF No. 60), and the Bankruptcy Court approved the appointment on December 18, 2014 (Bankr. Ct. ECF No. 61).

## II. **Motion to Dismiss**

### A. **Jurisdiction**

The Court possesses jurisdiction to hear South Street's appeal of the motion to dismiss pursuant to 28 U.S.C. § 158(a)(1). *See In re Brown*, 916 F.2d 120, 123-24 (3d Cir. 1990). On March 16, 2015, S&H filed with this Court a motion to dismiss South Street's appeal of the Bankruptcy Court's order denying its motion to dismiss for lack of jurisdiction. (ECF No. 11.) This Court denied the motion to dismiss, relying on the Third Circuit's decision in *In re Brown*, which held that a denial of a motion to dismiss is a final appealable order. (Mem. Order, ECF No. 14.)

The Trustee now argues that the Court lacks jurisdiction to hear this appeal based on the Supreme Court's intervening decision in *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686 (2015), which held that a bankruptcy court's refusal to confirm a Chapter 13 repayment plan, with leave to amend the plan, does not constitute a final order under § 158(a). 135 S. Ct. at 1692. The Court agrees with the Trustee that much of the reasoning of *Bullard*, extrapolated to the instant context, provides support for the position that the instant appeal is not of a final order. Further, the Court finds the concurring opinion by the Honorable Kent Jordan in *In re American Capital Equipment, LLC*, 296 F. App'x 270 (3d Cir. 2008), to be well-reasoned and persuasive. None of this, however, changes the fact that *Brown* is still good law and a majority of the panel in *In re American Capital* found that there was jurisdiction to decide the appeal. *Id.* at 273 n.1 ("Appellees challenged jurisdiction on the basis that the Bankruptcy Court's order was not a 'final order' .... However, we are bound in this instance by our decision in *In re Brown* ...."). Moreover, and perhaps more importantly, the Court in *Bullard* gave no indication that its decision or its underlying reasoning should be extrapolated and applied outside the context of an appeal of the denial of confirmation of a Chapter 13 repayment plan with leave to amend. The notable absence of any such suggestion by the *Bullard* Court is all the more important in the context of the balkanized jurisprudence of finality in bankruptcy appeals. *See* 1 Collier on Bankruptcy ¶ 5.08[1][a], p. 5-40 (16th ed. 2014) ("No statute defines the term 'final judgment.' The definition of the term has, consequently, been left to common law development. The result has been a series of doctrinal threads that expand and contract depending on the case and the court."); *see also Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 170 (1974) ("No verbal formula yet devised can explain prior finality decisions with unerring accuracy or provide an utterly reliable guide for the future."). Accordingly, in light of the existence

of binding precedent in *In re Brown*, which squarely addresses the issue presented, the Court possesses jurisdiction and will decide the instant appeal.

### B. Standard of Review

A bankruptcy court's "refusal to dismiss a Chapter 11 bankruptcy petition for want of good faith is reviewed for an abuse of discretion." *In re 15375 Mem'l Corp. v. Bepco, L.P.*, 589 F.3d 605, 616 (3d Cir. 2009). The court below abused its discretion if its "decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact"; accordingly, "we review the findings of fact leading to the decision for clear error and exercise plenary review over the court's conclusions of law." *Official Comm. of Unsecured Debtors v. Nucor Corp. (In re SGL Carbon Corp.)*, 200 F.3d 154, 159 (3d Cir. 1999) (internal quotation marks omitted). The review of "ultimate facts"—"mixed questions of law and fact" requiring the "application of law to the facts of th[e] case," such as whether the determined facts support a finding of good faith—are "subject to plenary review." *In re 15375*, 589 F.3d at 616.

### C. Discussion

"Chapter 11 bankruptcy petitions are 'subject to dismissal under 11 U.S.C. § 1112(b) unless filed in good faith and the burden is on the bankruptcy petitioner to establish good faith.'" *In re 15375*, 589 F.3d at 618 (quoting *NMSBPCSLDHB, L.P. v. Integrated Telecom Express, Inc. (In re Integrated Telecom Express, Inc.)*, 384 F.3d 109, 118 (3d Cir. 2004)). Determining whether there is good faith is "a fact intensive inquiry," requiring examination of "the totality of facts and circumstances." *Id.* (internal quotation marks omitted). "[T]wo inquiries . . . are particularly relevant to the question of good faith: (1) whether the petition serves a valid bankruptcy purpose . . . , and (2) whether the petition is filed merely to obtain a tactical litigation advantage." *In re Integrated Telecom*, 384 F.3d at 119-20. A valid bankruptcy purpose may be demonstrated by,

inter alia, "showing that the petition preserved a going concern or maximized the value of the debtor's estate." *In re 15375*, 589 F.3d at 619 (internal quotation marks omitted). "To say that liquidation under Chapter 11 maximizes the value of an entity is to say that there is some value that otherwise would be lost outside of bankruptcy." *Id.* On the other hand, "[w]here the timing of the filing of a Chapter 11 petition is such that there can be no doubt that the primary, if not sole, purpose of the filing was a litigation tactic, the petition may be dismissed as not being filed in good faith." *Id.* at 625 (internal quotation marks omitted). These considerations, while the primary factors towards determining good faith, are not the sole considerations; other factors may support dismissal. *Id.* at 618 n.8 ("[O]ur focus on whether there is a valid bankruptcy purpose and whether the filing was made as a litigation tactic is not intended to limit consideration of other facts and circumstances.").

South Street contends that the Bankruptcy Court improperly limited its analysis of good faith to the two factors described above—namely, the existence of a valid bankruptcy purpose and the mere pursuit of tactical advantage in litigation—and thus failed to give proper consideration to S&H's pre-petition bad conduct. As a result, argues South Street, the Bankruptcy Court abused its discretion and its order should be reversed.

South Street's characterization of the Bankruptcy Court's decision is incorrect. For one, the Bankruptcy Court did not limit its statement of the applicable rule to the two factors described. (Motion to Dismiss Oral Arg. Tr. 29:24-30:3, Nov. 17, 2014 ("Tr."), Bankr. Ct. ECF No. 71 ("The seminal case in this circuit with respect to dismissals based on cause with lack of good faith . . . is the *15375 Memorial* case where . . . the Court of Appeals *essentially* established two factors relevant to good faith[:] [1] whether the petition served the valid bankruptcy purpose and [2] whether the petition is filed merely to obtain a tactical litigation advantage." (emphasis added)).)

6

Nor did it limit its analysis to those two factors; rather, the Bankruptcy Court expressly considered S&H's pre-petition conduct, as well the unique circumstances of the controversy before it, namely the fact that the petition involved a single real estate asset. (Tr. 30:4-18, 31:21-24 ("Now having said that, the history of the state court foreclosure proceeding is troublesome and I don't believe it takes much for this Court to find under [§] 1104 that a trustee is warranted.").) South Street further argues that, because the Bankruptcy Court only considered S&H's pre-petition conduct in the context of its decision to grant the UST's motion to appoint a trustee, albeit in the sentence immediately following its decision on good faith, the Bankruptcy Court failed to consider the totality of the circumstances. This position defies ordinary logic. The Bankruptcy Court's recognition of S&H's pre-petition conduct, after lengthy argument addressing that conduct, indicates the court's consideration of those facts in making its decision. Accordingly, South Street's basis for the appeal fails.

The Bankruptcy Court's ultimate conclusion, that S&H made a sufficient showing of good faith, was not incorrect, and its denial of South Street's motion to dismiss was not an abuse of discretion. The Bankruptcy Court's analysis of S&H's good faith was supported primarily by its recognition that the filing of a bankruptcy petition on the eve of foreclosure is not a mere litigation tactic and may serve a legitimate bankruptcy purpose:

> [T]wo party disputes don't necessarily taint my view as to the reorganization prospects[,] and . . . filing on the eve of a foreclosure is not necessarily a litigation tactic. It may be part of the strategy to preserve the property, but that's what's critical. In *15375 Memorial*, [where the Third Circuit found a lack of good faith,] the filing was undertaken to preserve the interest of non-debtor affiliated entities, not to preserve the assets. So I do not find that this is a bad faith filing. It is clear that the debtor's principals, the equity holder[s][,] view there to be potential for equity in the property and a return above what South Street is owed.

7

(Tr. 31:10-20.) Thus, the Bankruptcy Court found that S&H had sufficiently demonstrated that its filing would serve a valid bankruptcy purpose, namely that "there is some value that otherwise would be lost outside of bankruptcy." *See In re 15375*, 589 F.3d at 619. The Bankruptcy Court also correctly determined that filing just prior to foreclosure is not per se indicative of a litigation strategy. While the timing of a filing is a proper consideration and may suggest a bad faith purpose, *In re Tamecki*, 229 F.3d 205, 208 (3d Cir. 2000), it is not a definitive circumstance, as the "the existence of bad faith does not depend on any one specific factor but on a combination of factors."[3] *See In re Shar*, 253 B.R. 621, 630 (Bankr. D.N.J. 1999) (internal quotation marks omitted). Implicit in the Bankruptcy Court's determination that S&H's filing serves a valid bankruptcy purpose is a finding that the Property is likely worth more than the value of South Street's claim. Indeed, South Street's own valuation of the Property as far as back as 2013 pegged its stabilized value at $3.2 million, which exceeds, if not just slightly, South Street's claim of roughly $3 million. (Bankr. Ct. ECF Nos. 35-7, 35-13.) This Court credits that implicit finding. Based on the foregoing, the Court finds that the Bankruptcy Court did not abuse its discretion in denying South Street's motion to dismiss, and the Court affirms that decision.

### III. Motion to Excuse the Turnover Requirements[4]

The second issue presented on appeal is whether the Bankruptcy Court erred by denying South Street's motion to excuse the turnover requirements and keep the state court appointed

---

[3] Indeed, South Street's focus on S&H's pre-petition conduct is misplaced. Where a debtor possesses a valid bankruptcy purpose, bad conduct alone does not mandate dismissal. Where there is "either pre or post-petition misconduct by the debtor" and "the debtor otherwise properly belongs in bankruptcy, dismissal need not always follow from a finding of bad faith stemming from such misconduct," and in some circumstances, "the court might be better advised to address the bad conduct of the debtor . . . in a manner other than through dismissal of the proceedings." *In re SGL*, 200 F.3d at 159 n.8 (quoting 7 Collier on Bankruptcy 1112-70 (15th ed. 1996)).

[4] This Court has jurisdiction pursuant to § 158(a). *See In re Prof'l Ins. Mgmt.*, 285 F.3d 268, 281 (3d Cir. 2002) (holding that order denying motion to vacate turnover order is final and appealable).

8

receiver in place. In support of its appeal, South Street argues that the Bankruptcy Court abused its discretion in denying the motion because it improperly failed to consider whether the "interests of the creditors" would be better served by excusing compliance with 11 U.S.C. § 543(a) and (b) and keeping the receiver in place. The Court finds South Street's argument unpersuasive and that the Bankruptcy Court did not abuse its discretion.

### A. Standard of Review

A bankruptcy court's refusal to excuse a custodian from complying with the turnover requirements of 11 U.S.C. § 543(a) and (b) is within its discretionary authority. *In re Metro. Adjustment Bureau*, 22 B.R. 67, 70 (B.A.P. 9th Cir. 1982). "When reviewing a decision that falls within the bankruptcy court's discretionary authority, the district court may only determine whether or not the lower court abused its discretion." *In re Blatstein*, 260 B.R. 698, 705 (E.D. Pa 2001) (citing *In re Top Grade Sausage*, 227 F.3d 123, 125 (3d Cir. 2000)). "An abuse of discretion exists where the [lower] court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *Int'l Union, UAW v. Mack Trucks, Inc.*, 820 F.2d 91, 95 (3d Cir. 1987).

### B. Discussion

When a debtor files for Chapter 11 bankruptcy, a "custodian," which includes a state-court-appointed receiver, must turn over to the bankruptcy trustee, or the debtor-in-possession if a trustee has not been appointed, all of the debtor's property the "custodian" possesses. 11 U.S.C. § 543(b)(2); *Dill v. Dime Sav. Bank (In re Dill)*, 163 B.R. 221, 225 (E.D.N.Y. 1994); *In re Powers Aero Marine Servs., Inc.*, 42 B.R. 540, 543 (Bankr. S.D. Tex. 1984). However, a bankruptcy court may excuse this turnover requirement if it is "in the interest of the creditors." 11 U.S.C. § 543(d)(1). This authority of the bankruptcy court to excuse the turnover requirements is a

9

discretionary authority, which it enjoys "significant latitude to exercise." 5 Collier on Bankruptcy ¶ 543.05 (16th ed. 2015); *see In Re Dill*, 163 B.R. at 225; *see also In re Corporate & Leisure Event Prods., Inc.*, 351 B.R. 724, 732 (Bankr. D. Ariz. 2006) ("[I]t is clear that Congress did not intend a bright line rule to govern [when to excuse turnover requirements].").

In denying South Street's motion to excuse the turnover requirements, the Bankruptcy Court provided two reasons. (Tr. 33:13-25.) First, the Bankruptcy Court explained that it would not excuse the turnover requirements because the State Receiver was not as accountable to it and not subject to the bankruptcy court's jurisdiction, unlike a Chapter 11 trustee. (*Id.* at 33:14-23.) Second, the Bankruptcy Court denied the request to excuse the turnover requirements because the State Receiver did not have the same powers as the Trustee, such as avoidance powers. (*Id.* at 33:23-25.) In denying the motion, the Bankruptcy Court specifically considered S&H's mismanagement of the property when it appointed the Trustee. (*Id.* at 31:24-32:18 (noting because there was evidence of "fraud, dishonesty, incompetence, or *gross mismanagement*," the Court would appoint a Chapter 11 trustee).) Specifically, the Bankruptcy Court determined it was in the interest of the creditors to appoint a Chapter 11 trustee instead of excusing the turnover requirements. Therefore, the Bankruptcy Court did not abuse its discretion in holding that it would be more appropriate for the Trustee, as opposed to the State Receiver, to manage the Property because the Trustee is under the Bankruptcy Court's jurisdiction and possesses additional powers under the code.

## IV.  Conclusion

For the reasons set forth above, the Court affirms both the Bankruptcy Court's denial of South Street's motion to dismiss and its denial of South Street's motion to excuse the turnover requirements. An order consistent with this Opinion will be entered.

s/ Michael A. Shipp  
**MICHAEL A. SHIPP**  
**UNITED STATES DISTRICT JUDGE**

**Dated:** August 31, 2015